IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CRISTIAN PEREZ-PADRON,

Petitioner,

vs.

MARKWAYNE MULLIN, In his Official Capacity as Secretary of the Department of Homeland Security; TODD BLANCHE, In his official capacity as United States Attorney General; DAREN MARGOLIN, In his official capacity as Director of Executive Office for Immigration Review; DAVID VENTRUELLA, In his Official Capacity as Acting Director of Immigration and Customs Enforcement; ROB JEFFREYS, In his Official Capacity as Director of Nebraska Department of Correctional Services; and ALLEN GILL, In his official capacity as Omaha Field Office ERO Director;

Respondents.

**8:26CV500**

**MEMORANDUM AND ORDER**

This matter comes before the Court on Cristian Perez-Padron's Petition for Writ of Habeas Corpus. Filing No. 1. He argues he is being unlawfully detained. For the reasons set forth herein, the Court grants the Petition and orders Respondents to release Petitioner.

## I. BACKGROUND

Petitioner is a native and citizen of Venezuela who entered the United States without inspection on or about August 26, 2022. Filing No. 1 at 3. He was immediately apprehended by DHS and released into the United States under humanitarian parole lasting until November 3, 2022. Filing No. 1-1. Upon the expiration of his parole, Respondents placed Petitioner into the Intensive Supervision Appearance Program

(ISAP) and enrolled him into Smartlink reporting. Filing No. 8 at 4. On December 20, 2022, ICE issued Petitioner a notice to appear and placed him in removal proceedings. Filing No. 8-1. On December 20, 2024, ICE removed Petitioner from ISAP. Filing No. 8 at 4. After his removal from ISAP, petitioner remained non-detained. Filing No. 1 at 4.

Petitioner was convicted of shoplifting in February 2026 and charged with a second count of shoplifting for which he appeared in state court on May 21, 2026. Filing No. 8 at 4. On that day, Respondents arrested Petitioner and detained him, purportedly pursuant to 8 U.S.C. § 1225(b)(2)(A). Filing No. 8 at 4.

On September 2, 2026, an immigration judge in Omaha, Nebraska, denied Petitioner's asylum application and ordered Petitioner removed to Venezuela or Colombia in the alternative. Filing No. 8-3. Petitioner reserved the right to appeal with the appeal due by October 2, 2026. Filing No. 8 at 4.

Petitioner seeks his immediate release or a bond hearing. Filing No. 1.

## II. ANALYSIS

Respondents argue that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2)(A), pointing to *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). In *Avila*, the Eighth Circuit Court of Appeals approved of DHS's novel interpretation of the INA to conclude that immigrants already present in the country can be treated as arriving aliens seeking admission and mandatorily detained under § 1225(b)(2)(A). Previously, § 1225(b)(2)(A) applied only to non-citizens seeking initial entry into the country, while 8 U.S.C § 1226(a), which allows for an individual's release on bond, applied to those apprehended in the country. Prior to the Eighth Circuit's decision, the undersigned had found DHS's interpretation of the INA to be incorrect. *See Chavez Avila v. Bondi*, No.

8:25CV729, 2026 WL 63328, at *2 (D. Neb. Jan. 8, 2026). Numerous district courts across the country as well as the Second Circuit Court of Appeals, Eleventh Circuit Court of Appeals, Sixth Circuit Court of Appeals, Ninth Circuit Court of Appeals, and Seventh Circuit Court of Appeals have agreed. *See Barbosa da Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at *1 (11th Cir. May 6, 2026); *Lopez-Campos v. Raycraft*, No. 25-1965, 2026 WL 1283891, at *1 (6th Cir. May 11, 2026); *Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026); *Cirrus Rojas v. Olson*, No. 25-3127, 2026 WL 2198315, at *1 (7th Cir. July 30, 2026). However, the Fifth Circuit Court of Appeals in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026), and the Eighth Circuit in *Avila v. Bondi* have disagreed. The Court is bound by the Eighth Circuit's precedential ruling in *Avila*.

But Petitioner's situation is distinct from that set forth in *Avila*. When Petitioner was released on parole and ISAP, the government necessarily invoked 8 U.S.C. § 1226. Now, Respondents claim Petitioner is actually detained under 8 U.S.C. § 1225(b)(2)(A)[1] rather than § 1226. But, "courts may not accept . . . *post hoc* rationalizations for agency action," and "an agency's action must be upheld, if at all, on the basis articulated by the agency itself." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983). "Put simply, the Government is not allowed to change horses midstream. It is stuck with the horse on which it rode into court," which, here, is 8 U.S.C. § 1226. *Souleimane C. v. Blanche*, No. 26-CV-2215 (LMP/JFD), 2026 WL 1180075, at *3 (D. Minn. Apr. 30, 2026); *accord Silva v. Warden, Lincoln Cnty. Det. Ctr.*, No. 8:26-CV-

[1] Respondents assert Petitioner was convicted once of shoplifting and charged with another count of shoplifting, but do not argue this conviction and charge subject him to mandatory detention.

131, 2026 WL 926725, at *1 (D. Neb. Apr. 6, 2026) ("If the government was going to detain the petitioner for removal proceedings, [his apprehension at the border] was the time. Instead, the government decided to release him on conditional parole—and when it did so, the petitioner's detention and removal were subject to the statutory scheme in § 1226.").

Noncitizens detained under 8 U.S.C. § 1226(a) are entitled to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). Here, the government made such a determination and released Petitioner with no bond. Accordingly, absent a valid reason to redetermine Petitioner's bond (which Respondents do not assert), the order releasing him on with no bond remains operative.

This is so even though an immigration judge has ordered Petitioner removed; the order of removal is not yet final because Petitioner's appeal is currently pending before the BIA. *See* 8 U.S.C. § 1231 (the "removal period" requiring mandatory detention begins on the date the order of removal becomes administratively final); 8 C.F.R. § 1241.1(a) (order of removal becomes administratively final upon, inter alia, dismissal of an appeal by the Board of Immigration Appeals). Should Petitioner's removal become administratively final, he will thereafter be subject to mandatory detention. 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien.")

Should Respondents choose to attempt to re-detain Petitioner, they must afford him a bond hearing wherein the burden is on the government to demonstrate he poses a flight risk or is a danger to the community. Importantly, because Respondents previously deemed it appropriate to release Petitioner into the country without bond, Respondents

must explain what has changed about Petitioner's circumstances so as to justify his detention now.

Furthermore, even if Respondents had not previously chosen to invoke § 1226 in Petitioner's case, the Court would nevertheless find that his detention without the opportunity for a bond violates his due process rights under the three-part test in *Mathews v. Eldridge*, 424 U.S. 319, (1976), as set forth in *Espinoza-Avalos v. Blanche*, No. 8:26CV191, 2026 WL 1396593, at *3 (D. Neb. May 19, 2026). Accordingly,

IT IS ORDERED:

1. Petitioner's Petition for Writ of Habeas Corpus, Filing No. 1, is granted.
2. Respondents shall release Petitioner from custody as soon as practicable, no later than 48 hours from the filing of this Order on the same terms he was previously released and without additional conditions.
3. Respondents must release Petitioner with all personal effects including identification documents and immigration documents, and without additional conditions.
4. Should Respondents seek to re-detain Petitioner, they must afford him a prompt bond determination hearing as described herein.
5. Respondents shall provide the Court with a status update concerning Petitioner's release by no later than **5:00 P.M. on September 24, 2026.**

Dated this 21st day of September, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge